IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMONIC ANTONIO GUERRISI, : | | CIVIL ACTION |
| Plaintiff, : | | |
| : | | |
| v. : | | |
| : | | |
| BERKS COUNTY JAIL SYSTEM, *et al.*, : | | NO. 18-1530 |
| Defendants. : | | |

### MEMORANDUM

SCHMEHL, J. /s/                                              APRIL /6, 2018

Domonic Antonio Guerrisi, an inmate currently incarcerated at the Berks County Jail System, filed this *pro se* action pursuant to 42 U.S.C. § 1983 against the Berks County Jail System, Warden Janine Quigley, Berks County Jail System employee Slododzian, PrimeCare Medical, Inc., and the Pennsylvania Board of Probation and Parole. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the reasons set forth below, the Court will grant Mr. Guerrisi leave to proceed *in forma pauperis*, dismiss his claims against all Defendants except Slododzian, and allow him to proceed at this time with his claims against Slododzian.

### I. FACTS

In his Complaint, Mr. Guerrisi alleges that the Board of Probation and Parole forced him "to go to an institution where [his] medical needs were not met." (Compl. at 3.) He arrived at the Berks County Jail System on January 17, 2018. (*Id.*) During his intake evaluation, Mr. Guerrisi told the medical staff that he has "back problems that cause [his] leg to go numb and that [he needs] a bottom bunk." (*Id.*) He was informed that he would need "to file a sick-call and see the treatment provider for that." (*Id.*) Mr. Guerrisi filed sick calls for February 15, 17, and 22, 2018 because his left leg went numb and he almost fell. (*Id.*) On February 23, 2018, Mr.

1

Guerrisi spoke to Slododzian, the block officer, and told him that he once again almost fell and that he did not feel safe. (*Id.*) He asked Slododzian to move him to a bottom bunk that was available in another cell, and Slododzian responded, "This isn't your personal hotel, don't like where [you're] at? Don't come to jail!" (*Id.* at 6.)

The next day, Mr. Guerrisi fell while climbing down off his bunk. (*Id.* at 3.) He struck his head, "cutting it open." (*Id.*) He was taken to medical, where his wound was cleaned and he was given Ibuprofen. (*Id.*) On February 24, 2018, Mr. Guerrisi received bottom bunk clearance. (*Id.*) As relief, Mr. Guerrisi requests "monetary compensation in excess of $250,000.00." (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court will grant Mr. Guerrisi leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to Mr. Guerrisi's Complaint. That statute requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Mr. Guerrisi is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[1] However, as Mr. Guerrisi is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

2

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Mr. Guerrisi's Complaint fails to allege a meritorious claim against the named Defendants, with the exception of his claims against Slododzian.

### A. Claims Against the Berks County Jail System

Mr. Guerrisi faults the Berks County Jail System "for not paying any heed to [his] protests" regarding his conditions of confinement. (Compl. at 6.) However, this Court has noted that a "prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010). Therefore, Mr. Guerrisi's claims against the Berks County Jail System must be dismissed because it is not susceptible to a lawsuit under § 1983.

### B. Claims Against Warden Quigley

Mr. Guerrisi also names Janine Quigley, Warden of the Berks County Jail System, as a Defendant in this matter. However, the Complaint does not raise any allegations showing that Warden Quigley was personally responsible for violating Mr. Guerrisi's constitutional rights, whether due to her own misconduct or her deliberate indifference to known deficiencies in a policy or procedure that violated his rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). To the contrary, it appears that Mr. Guerrisi seeks to hold Warden Quigley vicariously liable for the acts of the Jail's employees, which is not a permissible basis for liability in a § 1983 action. *See*

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). To the extent Mr. Guerrisi is raising claims against Warden Quigley based on a failure to investigate his "protests," he has not stated a constitutional claim. *See Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam) (explaining that "prison inmates do not have a constitutionally protected right to a grievance process"); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)). Accordingly, Mr. Guerrisi's claims against Warden Quigley will also be dismissed.

### C. Claims Against PrimeCare Medical, Inc.

Mr. Guerrisi faults PrimeCare Medical, Inc., for ignoring his multiple sick calls and for doing "nothing to help." (Compl. at 6.) However, Mr. Guerrisi has not stated a claim against PrimeCare Medical, Inc., because PrimeCare may not be held liable under § 1983 unless its policies or customs caused a violation of Mr. Guerrisi's rights, and Mr. Guerrisi does not describe a policy or custom of PrimeCare in his Complaint. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Fac.*, 318 F.3d 575, 583-84 (3d Cir. 2003). Accordingly, Mr. Guerrisi's claims against PrimeCare Medical, Inc., will be dismissed.[2]

---

[2] To the extent that Mr. Guerrisi alleges that individual employees of PrimeCare Medical, Inc., ignored his sick calls and failed to provide medical care, he has not named those individuals as Defendants.

4

### D. Claims Against the Pennsylvania Board of Probation and Parole

Mr. Guerrisi contends that the Pennsylvania Board of Probation and Parole violated his rights because "it was by [their] order that as a state inmate [he] was sent . . . to be housed in a country contract jail," which he claims jeopardized his health and safety. (Compl. at 6.) The Pennsylvania Board of Probation and Parole, however, "cannot be sued for it is not a 'person' within the meaning of section 1983." *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977) (citing *Fear v. Commonwealth of Pennsylvania*, 413 F.2d 88 (3d Cir. 1969)). Moreover, to the extent Mr. Guerrisi is challenging his transfer to the Berks County Jail System, "[t]he Supreme Court has consistently held that while a prisoner remains in institutional confinement, the Due Process Clause does not protect his interest in remaining in a particular facility." *Asquith v. Dep't of Corr.*, 186 F.3d 407, 411 (3d Cir. 1999) (citations omitted). Accordingly, Mr. Guerrisi's claims against the Pennsylvania Board of Probation and Parole will also be dismissed.

### E. Claims Against Slododzian

As noted above, Mr. Guerrisi claims that on February 23, 2018, he told block officer Slododzian that he had almost fell again and that he feared for his safety. (Compl. at 6.) According to Mr. Guerrisi, he asked Slododzian to move him to a bottom bunk that was open, but that Slododzian responded, "This isn't your personal hotel, don't like where [you're] at? Don't come to jail!" (*Id.*) The next day, Mr. Guerrisi fell from his bunk and struck his head. (*Id.* at 3.) In light of Mr. Guerrisi's claims that Slododzian was aware of potential danger to him and did nothing, he will be permitted to proceed on his claims against Slododzian at this time. *See Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Guerrisi's claims against the Berks County Jail System, Warden Quigley, PrimeCare Medical, Inc., and the Pennsylvania Board of Probation and Parole. However, he will be permitted to proceed on his claims against Slododzian at this time. As it is possible that Mr. Guerrisi could amend his claims against Warden Quigley and PrimeCare Medical, Inc. (or the unnamed individuals who allegedly denied him treatment), he will be given an opportunity to file an amended complaint in accordance with the Court's Order, which follows. If Mr. Guerrisi fails to file an amended complaint, his Complaint will only be served on Slododzian.